IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MICHAEL GRANT DAY                                                                    PLAINTIFF

v.                                     No: 4:18-cv-00008 JLH-PSH

DOES, *et al.*                                                                       DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District Judge J. Leon Holmes. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Michael Grant Day, an inmate at the Yell County Jail, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on January 3, 2018 (Doc. No. 2). Day was instructed to file an amended complaint clarifying who he is suing, describing how each defendant violated his constitutional rights and how he was injured by each defendant's actions. *See* Doc. No. 3. Day was also instructed to describe the conditions he endured while in punitive isolation and whether those conditions were harsh or different than his incarceration in the general population. *See id.* Day filed an amended complaint on January 26, 2018 (Doc. No. 4). In his amended complaint,

Day complains about an incident in which his cellmate was bleeding and states that he (Day) was then put on lockdown by defendant Jennifer Kenner. *Id.* The undersigned finds that Day fails to describe facts sufficient to state a claim for relief and recommends dismissal of his claims.

## I.  Screening Standard

Federal law requires courts to screen prisoner complaints.  28 U.S.C. § 1915A, 1915(e)(2). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served.  28 U.S.C. § 1915A, 1915(e)(2).  Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."). While construed liberally, a *pro se* complaint must contain enough facts to state a claim for relief that is plausible on its face, not merely conceivable.

## II.  Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983.  It appears that Day may be asserting an Eighth Amendment and/or Fourteenth Amendment due process claim based on his time in lockdown.  Day claims he has been on lockdown since August 7, 2017, and does not get to watch TV, read the newspaper, or talk to anyone.  Doc. No. 4 at 5.

*Eighth Amendment.* To support an Eighth Amendment violation, a plaintiff must prove the existence of objectively harsh conditions of confinement, together with a subjectively culpable state of mind by prison officials in condoning or creating the conditions. *Choate v. Lockhart*, 7 F.3d 1370, 1373 (8th Cir. 1993). The "defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the 'minimal civilized measure of life's necessities.' . . . The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." *Revels v. Vincenz,* 382 F.3d 870, 875 (8th Cir. 2004) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 342 (1981) and *Estelle v. Gamble*, 429 U.S. 97, 104 (1977)). "[D]iscomfort compelled by conditions of confinement, without more, does not violate the amendment." *Smith v. Coughlin*, 748 F.2d 783, 787 (2nd Cir. 1984) (quoting *Jackson v. Meachum*, 699 F.2d 578, 581 (1st Cir. 1983)). Day does not allege that he has been denied the minimal civilized measure of life's necessities while he has been on lockdown. He does not claim he was deprived of food, shelter, clothing, water, medical attention for a serious medical condition, or any other necessity. Denial of television or newspaper privileges does not constitute a denial of a minimal civilized measure of life's necessities. Accordingly, Day does not state a claim under the Eighth Amendment.

*Due Process.* To state a Fourteenth Amendment due process claim, a plaintiff must "demonstrate that he was deprived of life, liberty or property by government action." *Phillips v. Norris,* 320 F.3d 844, 846 (8th Cir. 2003). Day was not deprived of life or property; accordingly, he must identify the deprivation of a liberty interest to sustain a due process challenge to his prison disciplinary proceeding. *Id.* at 847; *Sandin v. Conner*, 515 U.S. 472, 484 (1995). A prisoner has no liberty interest in having certain procedures followed in the disciplinary process; rather, the liberty interest arises from the "nature of the prisoner's confinement." *Phillips*, 320 F.3d at 847.

"In order to determine whether an inmate possesses a liberty interest, we compare the conditions to which the inmate was exposed in segregation with those he or she could 'expect to experience as an ordinary incident of prison life.'" *Phillips*, 320 F.3d at 847 (quoting *Beverati v. Smith*, 120 F.3d 500, 503 (4th Cir. 1997)).

An inmate has no liberty interest in avoiding segregated confinement, as long as the conditions do not amount to an "atypical and significant" hardship that would give rise to due process protection as set forth in *Sandin v. Conner*, 515 U.S. 472, 483-484 (1995). The Eighth Circuit Court of Appeals has "consistently held that administrative and disciplinary segregation are not atypical and significant hardships under *Sandin*." *Portly-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002). Day does not describe the conditions he endured while on lock-down other than to complain he does not get to watch TV, read the newspaper, or talk to anyone. These complaints do not amount to an atypical and significant hardship. *See e.g., Russell v. Helder,* No. 5:15-CV-05082, 2016 WL 4014106, at *6 (W.D. Ark. June 28, 2016), *report and recommendation adopted,* No. 5:15-CV-5082, 2016 WL 4007698 (W.D. Ark. July 26, 2016) ("Inmates have no constitutional right to watch television or listen to a radio."). Accordingly, Day describes no change in conditions that could constitute the deprivation of a liberty interest.

### III.  Conclusion

For the reasons stated herein, it is recommended that:

1. Day's claims be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation or the accompanying judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 20th day of February, 2018.

_____
UNITED STATES MAGISTRATE JUDGE